UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:14-cr-236-VMC-TGW

LUIS ANTONIO RODRIGUEZ

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Luis Antonio Rodriguez's pro se Motion for Compassionate Release (Doc. # 59), filed on October 4, 2021. The United States responded on October 18, 2021. (Doc. # 62). For the reasons set forth below, the Motion is denied.

**I.  Background**

On November 20, 2014, the Court sentenced Rodriguez to 180 months' imprisonment for being a felon in possession of a firearm. (Doc. # 33). Rodriguez is 53 years old and is projected to be released from Texarkana FCI in July 2028.[1]

In the Motion, Rodriguez seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because of the COVID-19 pandemic and his medical conditions, which include diabetes, high blood

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

pressure, high cholesterol, obesity, "cardiac abnormalities," and asthma. (Doc. # 59 at 4). The United States has responded (Doc. # 62), and the Motion is now ripe for review.

## II. Discussion

The United States argues that Rodriguez has not identified "extraordinary and compelling circumstances" that would justify granting the instant Motion. (Doc. # 62 at 1). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Rodriguez argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of

2

compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States concedes that Rodriguez exhausted his administrative remedies. (Doc. # 62 at 3). Even if Rodriguez has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling so as to warrant release.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

3

Rodriguez bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the BOP's] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And, as the United States points out, Rodriguez contracted COVID in October 2020 and, in April 2021, declined to be vaccinated for COVID. (Doc. # 62 at 2-3); see United States v. Martinez, No. CR18023901PHXSPL, 2021 WL 718208, at *2 (D. Ariz. Feb. 24, 2021) ("When a Defendant has refused the vaccine, this Court has found that fact undercuts the argument that risk of serious illness from contracting COVID-19 is an extraordinary and compelling reason for his immediate release." (citation and internal quotation marks omitted)). As of now, no inmates at Rodriguez's facility are currently infected with COVID-19. (Doc. # 62 at 2).

Here, Rodriguez cites to several underlying medical conditions, which include diabetes, high blood pressure, high cholesterol, obesity, "cardiac abnormalities," and asthma. (Doc. # 59 at 4). However, Rodriguez has not demonstrated that these conditions are so serious that they substantially diminish his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Rodriguez-Campana, No. 18-CR-60250, 2021 WL 602607, at *4-5 (S.D. Fla. Feb. 16, 2021) (denying motion for compassionate release filed by inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems, where inmate had failed to demonstrate that "any of his present ailments are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP"). Nor do these conditions constitute a terminal illness. Thus, Rodriguez's medical conditions do not warrant release.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. As the United States emphasizes, Rodriguez "is a Latin King gang member and an Armed Career

Criminal" with prior convictions for conspiracy to commit murder and serious drug offenses. (Doc. # 62 at 9). After those convictions, he still obtained a firearm, leading to his conviction in this case. (Id.). The Court agrees that this history of serious crimes and recidivism weigh against early release.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Luis Antonio Rodriguez's pro se Motion for Compassionate Release (Doc. # 59) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of October, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE